UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

TEAMSTERS LOCAL UNION NO. 340, )
                              )
        Plaintiff             )
                              )
v.                            )    No. 2:13-cv-264-JAW
                              )
KENNETH L. EATON and CARL     )
GUIGNARD,                     )
                              )
        Defendants            )

## MEMORANDUM DECISION ON MOTION TO MODIFY RECORD AND FOR DISCOVERY

The defendants, Kenneth L. Eaton and Carl Guignard, move to add certain documents to the administrative record in this action arising under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, and for leave to conduct certain limited discovery. I grant the motion in part.

### I. Potential Record Documents

The defendants seek to add the following documents to the administrative record: 1. Severance Pay Plan of Teamsters Union Local No. 340 (Exhibit A to Defendants' Motion to Modify Administrative Record and Defendants' Motion for Discovery ("Motion") (ECF No. 16)); 2. A summary of notes of a February 2001 meeting of the union board (Exhibit B to Motion); 3. A letter from Guignard to Vianney Soucy, President-Elect of Local # 340 (Exhibit C

to Motion); and 4. A summary plan document for the current Retiree Health and Welfare Plan of Local 340. Motion at [2].[1]

The plaintiff responds that Exhibit A is already in the administrative record. That appears to be correct. Opposition to Defendants' Motion to Modify Administrative Record and Defendants' Motion for Discovery ("Opposition") (ECF No. 17) at 8. *See* Record at 80-83. Nevertheless, the plaintiff asserts that it has no objection to adding Exhibit A to the record. The plaintiff asserts that it does not oppose the addition of Exhibit C to the record. *Id.* at 1. The defendants do not mention the documents in their reply memorandum, and I, therefore, conclude that there is no dispute about these documents. The motion is granted as to those two documents.

The plaintiff asserts that there is no summary plan document for the benefit plan, which is the fourth document sought by the defendants. Opposition at 8. The defendants do not dispute this representation in their reply memorandum, Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Modify Administrative Record and Defendants' Motion for Discovery ("Reply") (ECF No. 19), *passim*. Accordingly, I conclude that the motion is moot as to this request.

Finally, Exhibit B to the defendants' motion appears, contrary to the representation in the motion, to be a page from a larger document, which the plaintiff identifies as a page of the "Teamsters Local Union # 340 Financial, Administrative Policies and Procedure Manual," directing the court to pages 42-62 of the administrative record. Opposition at 8. I do not find Exhibit B in those pages, although it is clearly related to them. In any event, the plaintiff does

---

[1] The first, third, and fourth of these items are the first three items in the defendants' proposed Request to Produce Documents (ECF No. 16-4). The notes (Exhibit B) are not listed in the Request.

not appear to object to the addition of the single page that is Exhibit B to the administrative record, Opposition at 1 & 8, so the motion is granted as to this document.

## II. Documents Requested in Discovery

The defendants seek leave to conduct discovery "also" of "the current cost of [health insurance] coverage and the Union's fiscal condition." Motion at [5]-[6]. The plaintiff identifies five specific requests that are not encompassed within the documents listed by the defendants in their motion to modify the record, Opposition at [8]-[10], but which correspond to the remaining items in the proposed Request to Produce. ECF No. 16-4. I will address those requests in turn.

### A. Applicable Legal Standard

"[W]hen it comes to discovery in a case involving review of an ERISA benefits determination, the law in this circuit is set by *Liston* [*v. Unum Corp. Officer Severance Plan*, 330 F.3d 19 (1st Cir. 2003)], pursuant to which [the party seeking discovery] must offer at least some very good reason to overcome the strong presumption that the record on review is limited to the record before the administrator." *Grady v. Hartford Life & Accident Ins. Co.*, Civil No. 08-339-P-H, 2009 WL 700875, at *1 (D. Me. Mar. 12, 2009) (citations and internal punctuation omitted).

This is true even when, as here, defendants seek discovery regarding asserted bias on the part of an insurer operating under a so-called "structural conflict of interest." *See, e.g., Ramsdell v. Huhtamaki, Inc.*, No. 1:11-cv-00398-GZS, 2012 WL 1440613, at *4-*5 (D. Me. Apr. 23, 2012) (applying *Liston* standard to motion to conduct discovery related to insurer's "conflicts" and designed to provide evidence of its bias and procedural irregularities in processing plaintiff's

claim).[2] The "mere existence of a structural conflict of interest" does not justify discovery. *Id.* at *5. Rather, a party seeking discovery must make "a threshold showing that the denial of benefits was improperly influenced by the administrator's conflict of interest[,]" articulating "case-specific circumstances demonstrating a possibility of bias in the denial of the claim." *Id.* (citations and internal punctuation omitted).

### B. Discussion

The defendants contend that they are entitled to the discovery they seek because the plaintiff has "raised the issue of the cost of the benefits regarding the decision to eliminate current coverage under the Plan[,]" the decision that affected them. Motion at [5]. They also believe that they are entitled to discovery because they "allege that there is no coincidence as to the timing of Local 340's decision to terminate the current health insurance coverage and the Defendants' retirement." *Id.*

The requests set out by the defendants seek: 1. "All past and current retirees covered under the Plan from March 1, 2007 to the present"; 2. "Monthly premium statements regarding the payment of health insurance under the current Plan from January 1, 2012 to the present"; 3. "Current monthly statements regarding the Local 340's general membership health insurance coverage from January 1, 2012 to date"; 4. "Estimate of monthly premium to Local 340 for the proposed retiree health insurance plan"; and 5. "Local 340's 2012 profit and loss statement and 2013 year to date." Opposition at 8-10; *see also* Def[]endants' Request to Produce Documents (ECF No. 16-4) Nos. 4-8. The plaintiff responds that all but the second of these requests seek irrelevant information, and that documents responsive to the first and second requests have been included in the administrative record. *Id.*

---

[2] A structural conflict of interest exists when the same entity that makes claims decisions pays benefits. *See, e.g., Denmark v. Liberty Life Assurance Co. of Boston*, 566 F.3d 1, 7 (1st Cir. 2009). The plaintiff does not dispute that it makes claims decisions and pays benefits.

4

The plaintiff also asserts that documents responsive to the third request are not within its possession, custody, or control. *Id*. at 9. Finally, it states that documents responsive to the fourth and fifth requests do not exist. *Id*. at 9-10.

The defendants do not respond directly to these representations, choosing to repeat their arguments concerning relevance. Reply at 5-6. They do not take issue with any of the plaintiff's statements about the availability of responsive documents. However, with respect to the final request, the defendants assert that "the document previously produced by Local #340 is incomplete and does not reflect the comprehensive profit and loss analysis of Local 340's financial condition." Reply at 6. The defendants "request . . . that the complete profit and loss statements be produced." *Id*. The plaintiff says that "the requested documents do not exist." Opposition at 10.

On this point, the court will accept the representation of counsel for the plaintiff, who is an officer of the court.

> "A party need not produce documents . . . that are not in existence or within its control. It is sufficient that the discovered party respond by saying that a document or tangible thing is not in existence." *Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp.*, 222 F.R.D. 594, 598 (E.D. Wis. 2004) (citations omitted). When a party denies "that it has possession, custody or control of documents, the requesting party must make an adequate showing to overcome this assertion." *Hagemeyer*, 222 F.R.D. at 598.

*Miller v. St. Joseph County*, No. 2:11CV217RL-APR, 2013 WL 5552222, at *3 (N.D. Ind. Oct. 7, 2013). Even if the defendants were entitled to discovery in this case, they have not made, nor have they attempted to make, the showing required to overcome the representation of the plaintiff and its counsel.

To the extent that the defendants mean to contend that they should be allowed to conduct additional, unspecified discovery into the questions of whether the denial of the defendants'

5

apparent application for benefits was "improperly influenced by the [plaintiff's] conflict of interest" and whether the plaintiff's assertion of financial considerations to support the elimination of the coverage sought by the defendants was valid, they have not made the necessary showing. The first assertion merely recites the applicable legal standard in conclusory fashion. Any inquiry into the second assertion beyond the specific requests discussed above could only be a fishing expedition. None of the case law cited by the defendants, Reply at 5-6, provides a basis for such generalized discovery. Indeed, one of the cited cases, *Achorn v. Prudential Ins. Co. of Am.*, Civ. No. 1:08-cv-125-JAW, 2008 WL 4427159, at *3-*5 (D. Me. Sept. 25, 2008), actually counsels against granting the defendants' motion, now that all of their specific discovery requests have been addressed.

### III. Conclusion

For the foregoing reasons, the defendants' motion to modify the administrative record is **GRANTED** as to Exhibits A, B, and C to the motion and otherwise **MOOT**. Their motion for discovery is **DENIED**.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 31st day of January, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge