## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **TEAMSTERS LOCAL UNION NO. 340,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) **Case No. 2:13-cv-264-JDL** |
| **KENNETH L. EATON and** | ) |
| **CARL GUIGNARD,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER ADOPTING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION AND BACKGROUND

This case is before the court on plaintiff Teamsters Local Union No. 340's ("Teamsters") complaint brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.A. § 1001 *et seq.* (2013). ECF No. 1. The Teamsters seek a declaratory judgment that they may properly modify the retiree health insurance benefits of certain former employees, including defendants Kenneth L. Eaton ("Eaton") and Carl Guignard ("Guignard"). *Id.* After the parties filed cross-motions for judgment on the administrative record, ECF No. 25; ECF No. 26, Magistrate Judge John H. Rich, III issued a Recommended Decision granting the Teamsters' motion and denying Eaton and Guignard's motion. ECF No. 29. Eaton and Guignard object. ECF No. 32. For the reasons that follow, I adopt the Magistrate Judge's Recommended Decision.

## II. DISCUSSION

Eaton and Guignard object to the Recommended Decision on the ground that the Magistrate Judge "failed to address their detrimental reliance argument[.]" ECF No. 32 at 2. In support, they point to an excerpt in their Motion for Judgment on the Administrative Record in which they argue that they "relied on the representations . . . regarding their retiree health insurance coverage[.]" *Id.*; ECF No. 26 at 9. This passage appears in the motion under the heading, "Defendants' Contractual Right to Receive Health Insurance Coverage Under Local 340's Retiree Health and Welfare Plan is Vested and not Subject to Reduction or Elimination." ECF No. 26 at 7. Eaton and Guignard's motion contended that their contractual retirement benefits had vested under ERISA. *Id.* The motion, along with the other materials before the Magistrate Judge, otherwise made no mention of detrimental reliance or, more generally, the principle of promissory estoppel. *See* ECF No. 7; ECF No. 16; ECF No. 19; ECF No. 26; ECF No. 28. *See also Harvey v. Dow*, 2008 ME 192, ¶ 11, 962 A.2d 322 (noting that promissory estoppel claim requires showing a promise, reliance on that promise, and injustice if promise is not enforced).

A party is entitled to *de novo* review of arguments that were properly raised before the Magistrate Judge. *Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.,* 840 F.2d 985, 990-91 (1st Cir. 1988) ("[A]n unsuccessful party is not entitled as of right to de novo review . . . of an argument never seasonably raised before the magistrate."); *see also Vining v. Astrue*, 720 F. Supp. 2d 126, 128 (D. Me. 2010) ("[T]he law is clear in this Circuit that failure to raise an argument before the

Magistrate Judge waives it before the District Court."). To properly raise an argument, a party must do more than "seed[ ] the record with mysterious references." *Paterson-Leitch*, 840 F.2d at 990. Arguments must be spelled out "squarely and distinctly," and a single sentence reference that fails to cite authority may not suffice. *Id.*

The passing reference in defendants' motion to their reliance on representations regarding their benefits, made as part of their argument that they had vested contractual rights, is a far cry from "squarely and distinctly" raising the quasi-contractual theory of detrimental reliance or promissory estoppel as a basis for relief. Because detrimental reliance was not presented to the Magistrate Judge for consideration, Eaton and Guignard have failed to preserve their right to raise the issue as part of my *de novo* review.

Detrimental reliance being the only issue cited by Eaton and Guignard in their objection to the Recommended Decision, *see* ECF No. 32, there are no other issues presented for *de novo* review. *See Keating v. Sec'y of Health and Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988) ("[O]nly those issues fairly raised by the objections to the magistrate's report are subject to review in the district court and those not preserved by such objection are precluded on appeal.").

### III. CONCLUSION

It is **ORDERED** that the Recommended Decision of the Magistrate Judge is hereby **ADOPTED**. Plaintiff's Motion for Judgment on the Administrative Record is **GRANTED**; defendants' Motion for Judgment on the Administrative Record is **DENIED**. Judgment for plaintiff shall issue separately.

**SO ORDERED.**

Dated:  January 30, 2015                              /s/ Jon D. Levy_____
                                                                  U.S. District Judge